IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD WILLIAM TARNAWA,

    Petitioner,　　　　　　　　　　No. 2:11-cv-02910-DAD P

  vs.

MICHAEL BABCOCK,　　　　　　　　　<u>ORDER</u>

    Respondent.

_____/

      Petitioner is a federal prisoner at the Federal Correctional Institution in Herlong, California and is proceeding pro se. Petitioner has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (Doc. No. 3.) Before the court is petitioner's application for a writ of habeas corpus brought under 28 U.S.C. § 2241.

**I. Background**

      According to the allegations of his petition, petitioner was convicted in the United States District Court for the Eastern District of Texas on five counts of wire fraud in violation of 18 U.S.C. § 1343, five counts of bank fraud in violation of 18 U.S.C. § 1344, and twenty-one

/////

/////

/////

counts of money laundering in violation of 18 U.S.C. § 1957(a). (Doc. No. 1 at 2.)[1]  On April 28, 2005, petitioner was sentenced to the custody of the Bureau of Prisons for 360 months on each bank fraud count with the sentences on each of those counts to run concurrently; 240 months on each wire fraud count with the sentences on each of those counts to run concurrently with those imposed on the bank fraud counts; and 120 months on each money laundering count with those sentences to run concurrently with each other but consecutively with the prison terms imposed on the bank and wire fraud counts, for an aggregate term of 480 months imprisonment. (Id.) Petitioner appealed from his judgment of conviction to the U.S. Court of Appeals for the Fifth Circuit. (Doc. No. 1 at 2.)  On appeal, petitioner argued that there was insufficient evidence introduced at his trial to support his convictions, that the sentence imposed in his case was unreasonable and that the trial judge erred in connection with the bifurcation of his trial with respect to certain sentencing enhancement allegations.  (Id.)  The Fifth Circuit affirmed the judgment of conviction.  See United States v. Tarnawa, 182 Fed. Appx. 294, 2006 WL 1307537 (5th Cir. May 8, 2006), cert. denied 549 U.S. 1012 (2006).

On October 24 2007, petitioner filed a § 2255 motion in the U.S. District Court for the Eastern District of Texas seeking to vacate or set aside his conviction on the money-laundering counts and to set aside the consecutive sentences imposed with respect to those counts. (See Doc. No. 1 at 4; see also Case No. Civil Action 4:07CV496 (E.D. Tex.) (sealed)) Petitioner suggests that in 2008, he sought to amend his pending § 2255 motion in light of the Supreme Court's then-recent decision in United States v. Santos, 553 U.S. 507 (2008) (holding that the term "proceeds" in the money laundering statute was ambiguous and that in the case before the court the statute must be found to refer to "profits" and not "receipts" in light of the

/////

---

[1] The judgment entered in the case of United States v. Donald Tarnawa, Case Number 4:03CR00144-001 (E.D. Tex.) indicates that petitioner was convicted of five counts of wire fraud (counts 1-5), six counts of bank fraud (counts 6-11) and twenty counts of money laundering (counts 12-31). The difference, however, is of no significance in light of the disposition set forth herein.

rule of lenity).  (Doc. No. 1  at 4 & 9.)[2]

It appears that on September 15, 2010, petitioner's unopposed motion to seal the case file with respect to his pending § 2255 motion was granted by the U.S. District Court for the Eastern District of Texas.  (See Crim. No. 4:03CR144 (E.D. Tex.), Govt.'s Mot. to Unseal Case (Doc. No. 143) at 1.)  It is also reported that on February 11, 2011, the assigned Magistrate Judge in the Eastern District of Texas issued findings and recommendations with respect to petitioner's § 2255 motion.  (Id.)  Thereafter, petitioner filed objections and a motion for reconsideration those findings and recommendations and, on August 19, 2011, the Magistrate Judge directed the government to respond to petitioner's motion for reconsideration and to amendments he had filed to his original § 2255 motion.  (Id.)  On September 1, 2011, the U.S. Attorney's Office for the Eastern District of Texas sought to unseal the case file in petitioner's § 2255 proceeding or, in the alternative, to allow the government limited access to that file in order to respond to petitioner's contention, advanced in one of his amendments, that his money laundering convictions should be voided in light of the Supreme Court's decision in Santos.  (Id. at 1-4.)  There has been no subsequent docket entry in Eastern District of Texas Case Number 4:03CR00144-001.  However, in this § 2241 proceeding petitioner asserts that he is still awaiting a final decision on his motion for reconsideration with respect to his § 2255 motion filed in the Eastern District of Texas. (Doc. No. 1  at 4.)  There is nothing in the docket of the underlying criminal case file that suggests otherwise.

**II. Petitioner's Habeas Petition**

In the habeas petition brought under 28 U.S.C. § 2241 currently pending before this court, petitioner repeats his argument that under the Supreme Court's decision in Santos, he

---

[2] The Eastern District of Texas civil case file opened for petitioner's § 2255 motion filed in that court was sealed at petitioner's request, and remains sealed.  Therefore, the undersigned cannot confirm when or what petitioner filed in that action except to the extent such filings are recounted by the parties in the open criminal case file in the Eastern District of Texas.  The sealed nature of Case No. Civil Action 4:07CV496 (E.D. Tex.) also makes it difficult to determine with certainty the current status of petitioner's § 2255 motion.

is actually innocent of the money-laundering charges upon which he was convicted in 2005 in the Eastern District of Texas.  Specifically, petitioner again contends, as he apparently has in his amendments to his § 2255 motion pending in the Eastern District of Texas, that the federal money-laundering statute applies only to transactions involving criminal profits and that in his case, there were no such profits involved.  (Id. at 3 & 10.)  Petitioner also again claims here that at his trial in the Eastern District of Texas the government proved only that he received money from investors and that the money was used by him to purchase his $3,000,000 home.  (Id. at 10-11.)  Petitioner argues this is insufficient evidence to support a money-laundering conviction under the decision in Santos.  (Id.)  Petitioner also contends that there is a "merger" problem posed by his conviction on both the fraud and money laundering charges given the evidence that established only that he "accepted money from investors and then spent it."  (Id. at 11.)

**III. Analysis**

"[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2225 before proceeding to any other issue."  See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  See also Muth v. Fondren, 676 F.3d 815, 818 (9th Cir.), cert. denied, __U.S. __, 133 S. Ct. 292 (2012).  In this case, although petitioner purports to be proceeding under § 2241 it is apparent that he is challenging the legality of his conviction and sentence on the same grounds he is currently presenting in the § 2255 proceeding in the Eastern District of Texas.  Generally, a federal prisoner contesting the legality of his conviction or sentence must proceed by way of a motion brought pursuant to 28 U.S.C. § 2255 in the sentencing court, in this case the Eastern District of Texas.  See Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011); Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."); cert. denied, 540 U.S. 1051(2003); Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000) (same).  "[R]estrictions on the availability of a § 2255 motion cannot be

avoided through a petition under 28 U.S.C. § 2241." Muth, 676 F.3d at 818 (quoting Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006)). Therefore, a prisoner may not collaterally attack a federal conviction by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)

However, § 2255(e) does contain a "savings clause" or "escape hatch" that provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Under this savings clause a prisoner may invoke the court's jurisdiction under § 2241 if he can show that the remedy provided by § 2255 is "inadequate or ineffective" to test his incarceration. See Muth, 676 F.3d at 818; Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011). This exception, however, is a narrow one and the burden is on the petitioner to show that a § 2255 motion is inadequate or ineffective in his case. Ivy, 328 F.3d at 1061; Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). For example, "§ 2241 is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255." Lorentsen, 223 F.3d at 953. See also Ivy, 328 F.3d at 1059; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (remedies pursuant to § 2255 are not inadequate simply because the claim would be dismissed under § 2255 for procedural reasons), cert. denied, 528 U.S. 1178 (2000). Rather, a petitioner may only proceed under § 2241 if he claims to be: "(1) factually innocent of the crime for which he has been convicted; and (2) has never had an 'unobstructed procedural shot' at presenting this claim." Ivy, 328 F.3d at 1060. See also Marrero, 682 F.3d at 1192 (same); Washington, 653 F.3d at 1059 (same).

/////

In determining whether petitioner had an "unobstructed procedural shot" to pursue any actual innocence claim, this court must consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claims after that first § 2255 motion." Alaimalo, 645 F.3d at 1047 (quoting Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir.), cert. denied, 555 U.S. 911 (2008) (internal quotation marks omitted)). The Ninth Circuit has made clear that "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." Ivy, 328 F.3d at 1060.

Here, petitioner has failed to meet his burden of showing that the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective in his case. In this regard, petitioner has not established that he has never had an unobstructed procedural shot at presenting his claim for relief as required. Specifically, petitioner has not and cannot show that his claim based upon the decision in Santos did not arise until after he had exhausted his first § 2255 motion in the sentencing court. Indeed, petitioner own allegations in the pending petition would belie such a contention. Petitioner has not only had the opportunity to present his claim based upon the decision in Santos to the U.S. District Court for the Eastern District of Texas by way of § 2255 motion, but that court has directed the government to address that claim and the § 2255 motion in which that claim was presented has yet to be the subject of a final ruling by that court. (Doc. No. 1 at 13.) Thus, it cannot be disputed that petitioner has "had the opportunity to raise [his claim] by motion" under § 2255, thus rendering the § 2241 escape hatch unavailable to him. Ivy, 328 F.3d 1060.[3]

---

[3] The court also notes that even if the sentencing court had already denied petitioner's § 2255 motion in which he raised his claim based on the Santos decision, he has not demonstrated here that he is unable to present that claim in U.S. District Court for the Eastern District of Texas by proceeding with a second or successive § 2255 motion. See Gowdy v. Gill, No. 1:12-CV-01640 GSA HC, 2012 WL 5289310, at *2 (E.D. Cal. Oct. 24, 2012) (concluding that § 2255 is not

For all of the reasons set forth above the petition before this court must be construed as a disguised § 2255 motion, over which this non-sentencing court has no jurisdiction.[4] Moreover, the interest of justice would not be served by transferring this action to the U.S. District Court for the Eastern District of Texas where petitioner was convicted and sentenced. As noted above, petitioner has already filed a § 2255 motion with that court which still appears to be pending decision and in which he has raised the same claim for relief that he presents here. If transferred, this action would constitute a second or successive petition over which the Eastern District of Texas would lack jurisdiction absent petitioner receiving prior authorization from the Fifth Circuit Court of Appeals. See 28 U.S.C. § 2255(h).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 be dismissed for lack of jurisdiction; and

2. The Clerk of the Court is directed to close this action.

DATED: February 6, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
tarn2910.156

---

inadequate or ineffective merely because petitioner's § 2255 motion is still pending or where, if denied, petitioner could still seek authorization to file a second or successive motion); Hodge v. Copenhaver, No. 12-cv-01441-DLB (HC), 2012 WL 4829317 at *2 (E.D. Cal. Oct. 10, 2012) (holding that the denial of petitioner's previously filed § 2255 motion and the Court of Appeals' denial of his request to file a second and successive motion does not render such relief inadequate and/or ineffective).

[4] In light of this determination, this court need not address the issue of whether petitioner's argument based upon the decision in Santos would qualify as an actual innocence claim for purposes of § 2255(e)'s "escape hatch." Compare Muth, 676 F.3d at 819 and Marrero, 682 F.3d at 1192-93 with Alaimalo, 645 F.3d at 1047-49.