IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD WILLIAM TARNAWA,

    Petitioner,      No. 2:11-cv-02910 DAD P

    vs.

MICHAEL BABCOCK,

    Respondent.      ORDER

_____/

        Petitioner, a federal prisoner proceeding pro se, has filed a notice of appeal following this court's February 7, 2013 dismissal of his petition for a writ of habeas corpus under to 28 U.S.C. § 2241 for lack of jurisdiction. The undersigned issued the order dismissing this action following petitioner's consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Doc. No. 3. Before petitioner can proceed with his appeal, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

        A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

1

1    Where, as here, the petition was dismissed for lack of jurisdiction, a certificate of
2  appealability "should issue if the prisoner shows, at least, that jurists of reason would find it
3  debatable whether the petition states a valid claim of the denial of a constitutional right and that
4  jurists of reason would find it debatable whether the district court was correct in its procedural
5  ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  See also United States v. Zuno-Arce, 339
6  F.3d 886 (9th Cir. 2003).

7    After reviewing the entire record herein, this court finds that petitioner has not
8  satisfied the first requirement for issuance of a certificate of appealability in this case.
9  Specifically, in this court's February 7, 2013, order it was concluded that this court lacked
10 jurisdiction over petitioner's application for relief under 28 U.S.C. § 2241 in which he sought to
11 challenge a judgment and sentence of the United States District Court for the Eastern District of
12 Texas where he still had a petition under 28 U.S.C. § 2255 pending.  Petitioner has failed to
13 show that jurists of reason would find this court's conclusion that it lacked of jurisdiction over
14 the § 2241 petition to be debatable.

15   Accordingly, the court declines to issue a Certificate of Appealability (COA) in
16 this action.

17 DATED: April 22, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

20 DAD:4
tarn2910.coa